# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| RICARDO L. RUSAN, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:13CV2229 CEJ |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM

This matter is before the Court on the motion of Ricardo Rusan for relief from judgment, filed pursuant to Federal Rules of Civil Procedure 60(b)(4) and (b)(6) .

Rusan was initially charged by indictment with bank robbery, in violation of 18 U.S.C. § 2113(a).[1]  After waiving his right to prosecution by indictment, Rusan agreed to allow the government to prosecute him for an additional charge of bank larceny ( in violation of 18 U.S.C.§ 2113 (b)) by way of an information. United States v. Rusan, 4:04CR56 CEJ (E.D. Mo.).   The case proceeded to trial and a jury found Rusan guilty of both charges.  He was sentenced to concurrent terms of imprisonment of 240 months for the bank robbery charge and 120 months for the bank larceny charge. The judgment was affirmed on appeal.  United States v. Rusan, 460 F.3d 989 (8th Cir. 2006).

---

[1]

On October 24, 2007, Rusan filed a timely motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. The motion was denied on the merits. Rusan v. United States, 4:07CV1828 CEJ (E.D. Mo. Jan. 25, 2011).

In the instant Rule 60(b) motion, Rusan asserts that the Court lacked jurisdiction of the bank larceny charge because the information failed to allege that the bank's deposits were federally-insured. Rusan did not assert this specific claim in his § 2255 motion, although he did challenge the Court's jurisdiction on other grounds.

Although Rusan premises the instant motion on Rule 60(b), the relief he seeks can be granted only by way of a motion to vacate. See 28 U.S.C. § 2255(a). As such, the Court finds that the instant motion is in actuality a "second or successive motion" within the meaning of 28 U.S.C. §§ 2244 and 2255. By statute, Rusan cannot proceed with the motion unless it is certified by the United States Court of Appeals for the Eighth Circuit. 28 U.S.C. § 2255(h). Rusan may not circumvent the certification requirement simply by labeling the motion as something other than what it is. Gonzalez v. Crosby, 545 U.S. 524, 531 (2005) (pleading labeled as a Rule 60(b) motion that is in substance a habeas petition "should be treated accordingly"). "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the

name makes no difference.  It is substance that controls." Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004).

Absent certification from the United States Court of Appeals, this Court lacks authority to grant the requested relief.  Consequently, the motion will be dismissed. See 28 U.S.C. § 2255, Rule 4.

Finally, Rusan has failed to demonstrate that jurists of reason would find it debatable whether this action is successive under § 2255(h).  Thus, the Court will not issue a certificate of appealability.  28 U.S.C. § 2253(c).

Dated this 8th day of November, 2013.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE